UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAUL LAWSON, JR.,<br><br>        Plaintiff,<br>   v.<br><br>CAMDEN COUNTY CORRECTIONAL FACILITY; FORMER WARDEN ERIC TAYLOR; FORMER DEPUTY WARDEN FRANK LOBERTO; JOSEPH RIPA; CAMDEN COUNTY FREEHOLDERS; WARDEN KATE TAYLOR,<br><br>        Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 17-cv-03105 (JBS-AMD)<br><br>**OPINION** |

APPEARANCES:

Paul Lawson, Jr., Plaintiff Pro Se
49 Primrose Drive
Sicklerville, NJ 08081

**SIMANDLE, District Judge:**

    1.   Plaintiff Paul Lawson, Jr. seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Camden County Correctional Facility ("CCCF"), Former Warden Eric Taylor ("Former Warden"), Former Deputy Warden Frank Loberto ("Former Deputy Warden"), Joseph Ripa, Camden County Freeholders ("Freeholders"), and Warden Kate Taylor ("Warden"). Complaint, Docket Entry 1.

    2.   Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. The Court must *sua sponte* dismiss

any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

3. For the reasons set forth below, the Court will dismiss the complaint without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

4. To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

5. Plaintiff alleges he experienced unconstitutional conditions of confinement while detained at the CCCF from July

to November 2015 as well as from March 3, 2017 to the present. Complaint § III(B). The fact section of the complaint states: "I was forced to sleep on a cold dirty floor with a thin mattress for comfort, approximately 2 ft from the toilet. From this inhumane event my back has constantly troubled me, not to mention I have some type of skin infection from sleeping in filth." Plaintiff further alleges that, "The Officers of the institution did their job and placed me in these living arrangements authorized by former warden Eric Taylor, Former Deputy Warden Frank Loberto."*Id.*

6. Even construing the Complaint as seeking to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 for alleged prison overcrowding, any such purported claims must be dismissed because the Complaint does not set forth sufficient factual support for the Court to infer that a constitutional violation has occurred.

7. The mere fact that an individual is lodged temporarily in a cell with more persons than its intended design does not rise to the level of a constitutional violation. *See Rhodes v. Chapman*, 452 U.S. 337, 348–50 (1981) (holding double-celling by itself did not violate Eighth Amendment); *Carson v. Mulvihill*, 488 F. App'x 554, 560 (3d Cir. 2012) ("[M]ere double-bunking does not constitute punishment, because there is no 'one man, one cell principle lurking in the Due Process Clause of the

3

Fifth Amendment.'" (quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979))). More is needed to demonstrate that such crowded conditions, for a pretrial detainee, shocks the conscience and thus violates due process rights. *See Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008) (noting due process analysis requires courts to consider whether the totality of the conditions "cause[s] inmates to endure such genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them."). Some relevant factors are the dates and length of the confinement(s), whether Plaintiff was a pretrial detainee or convicted prisoner, etc.

8. Moreover, Plaintiff has not alleged sufficient facts to support an inference that the named Defendants are personally liable for the alleged constitutional violations.

9. Plaintiff seeks monetary damages from CCCF for the allegedly unconstitutional conditions of his confinement. As the CCCF is not a "state actor" within the meaning of § 1983, the claims against it must be dismissed with prejudice. *See Crawford v. McMillian*, 660 F. App'x 113, 116 (3d Cir. 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983.") (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)).

10. Moreover, Plaintiff has not pled sufficient facts regarding the personal liability of the Freeholders. As the governing body of Camden County, the Freeholders cannot be held liable under § 1983 solely on a theory of *respondeat superior*. *Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 658, 690–91 (1978). Plaintiff must instead plead facts showing that the Freeholders are "responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom." *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990).[1] In other words, Plaintiff must set forth facts supporting an inference that the Freeholders were the "moving force" behind the alleged constitutional violation. *Monell*, 436 U.S. at 689.

11. Similarly, Plaintiff has not pled sufficient facts to support an inference that the Former Warden, Former Deputy Warden, Joseph Ripa, or the Warden were personally involved in either the creation of, or failure to address, the conditions of his confinement. State actors are liable only for their own unconstitutional conduct and may not be held liable for the

---

[1] "Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict. Government custom can be demonstrated by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Kirkland v. DiLeo*, 581 F. App'x 111, 118 (3d Cir. 2014) (internal quotation marks and citations omitted) (alteration in original).

unconstitutional conduct of their subordinates under a theory of *respondeat superior*. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Bistrian v. Levi*, 696 F.3d 352, 366 (3d Cir. 2012). Plaintiff has made no allegations regarding the conduct or actions of either the Former Warden, Former Deputy Warden, Joseph Ripa or the Warden.

12. As Plaintiff may be able to amend his complaint to address the deficiencies noted by the Court,[2] the Court shall grant Plaintiff leave to amend the complaint within 30 days of the date of this order.

13. Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane,

---

[2] To the extent the Complaint seeks relief for conditions Plaintiff encountered prior to May 4, 2015, those claims are barred by the statute of limitations. Claims brought under § 1983 are governed by New Jersey's two-year limitations period for personal injury. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). "Under federal law, a cause of action accrues when the plaintiff knew or should have known of the injury upon which the action is based." *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014). The allegedly unconstitutional conditions of confinement would have been immediately apparent to Plaintiff; therefore, the statute of limitations on some of Plaintiff's claims expired two years after release from incarceration. In the event Plaintiff elects to file an amended complaint, it should be limited to confinements in which Plaintiff was released after May 4, 2015.

Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself.[3] *Id.*

14. For the reasons stated above, the complaint is dismissed without prejudice for failure to state a claim. The Court will reopen the matter in the event Plaintiff files an amended complaint within the time allotted by the Court.

15. An appropriate order follows.


**June 29, 2017**                                     **s/ Jerome B. Simandle**
Date                                                   JEROME B. SIMANDLE
                                                             U.S. District Judge

---

[3] The amended complaint shall be subject to screening prior to service.